**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION, COVINGTON**

| | |
|---|---|
| JOEY BROCKMAN,<br>4214 Pinhook Road<br>Mt. Olivet, Kentucky 41064<br><br>　　　Plaintiff,<br>vs.<br><br>LIFE INSURANCE CO. OF NORTH AMERICA<br>D/B/A CIGNA GROUP INSURANCE<br>1601 Chestnut Street<br>Philadelphia, Pennsylvania 19192-2235<br><br>　　　and<br><br>BRUNSWICK CORPORATION<br>GROUP LONG TERM DISABILITY PLAN<br>C/O BRUNSWICK CORPORATION<br>26125 N. Riverwoods Boulevard, Suite 500<br>Mettawa, Illinois 60045<br><br>　　　Defendants. | Civil No.:<br><br>Judge:<br><br>Magistrate Judge:<br><br><br>**COMPLAINT** |

## I. **PRELIMINARY STATEMENT**

1.　　This is a denial of benefits claim under the Employee Retirement Income Security Act (ERISA), §502(a)(1)(B), 29 U.S.C. §1332(a)(1)(B), with Plaintiff Joey Brockman ("Plaintiff" or "Mr. Brockman") seeking to recover all benefits due him under the terms of a group long-term disability insurance Plan (the "Plan") that he had as a benefit of his employment with Life Fitness, Inc. (d/b/a Hammer Strength), a division, subsidiary or affiliate of Brunswick Corporation, the Plan sponsor.

2. The terms of the Plan were set forth in a group long-term disability policy, Policy No. VDT-980072 ("the Policy"), issued or underwritten by Defendant Life Insurance Company of North America ("LINA"), on information and belief a subsidiary of Cigna Corporation, in which the policyholder is Brunswick Corporation.

3. Plaintiff seeks all benefits due him under said Plan and seeks to enforce his rights under the Plan and to enforce and/or clarify his rights to future benefits under the Plan and/or Policy.

## II.  JURISDICTION

4. This court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331(federal question) and pursuant 29 U.S.C. §1132 (e)(1)("ERISA"), the Plan being an ERISA Plan.

5. Venue is proper in this court because both Defendants can be found in the Eastern District of Kentucky, Northern Division, at Covington, and/or are otherwise doing business in this jurisdiction. 29 U.S.C. §1132(e)(2).

## III.  ADMINISTRATIVE HISTORY

6. On or about March 21, 2017, Mr. Brockman, an employee of Life Fitness, Inc., a division, subsidiary, or affiliate of Brunswick Corporation, stopped working due to certain medical conditions caused and/or substantially aggravated by the accidental death of his 4-year old son on that date; after expiration of a waiting period specified in the Plan or Policy documents, Mr. Brockman filed an application with Defendant LINA for payment of long-term disability insurance benefits under the Plan or Policy.

7. Defendant LINA, the issuer of the Policy, is the Plan fiduciary with discretionary authority to determine eligibility for benefits and to construe the terms of the Plan with respect to claims made under the Policy that it sold to Brunswick Corporation; at all times relevant the claims

handling was done by Cigna Group Insurance ("Cigna"), with Defendant LINA thus doing business as Cigna Group Insurance.

8. Cigna, on behalf of and/or acting for Defendant Life Insurance Company of North America, initially approved Mr. Brockman's application for benefits.

9. Cigna paid benefits under the Plan or Policy to Mr. Brockman through March 18, 2018 based upon medical documentation provided by Mr. Brockman's physicians and other health professionals.

10. On March 15, 2018, Cigna advised Mr. Brockman in writing that it had determined that his disability had ended and that no further benefits under the Plan or Policy would be paid beyond March 18, 2019.

11. Mr. Brockman timely appealed such determination and submitted additional medical records and reports in support of his claim of ongoing disability within the meaning or terms of the Plan and/or Policy.

12. On June 14, 2018, Cigna sent a letter to Mr. Brockman advising him that it was affirming its decision to terminate benefits under the Plan or Policy.

13. Mr. Brockman timely appealed such further determination and submitted additional evidence in support of such appeal.

14. On March 15, 2019, Cigna sent a letter to Mr. Brockman advising him that it was affirming its prior decisions terminating benefits under the Plan or Policy; Cigna in that letter advised Mr. Brockman that no further administrative appeals could be taken by him.

15. Mr. Brockman has now therefore exhausted all administrative appeals available to him, with his only recourse now being the filing of this Complaint under ERISA.

## IV. PARTIES

16. Plaintiff, Joey Brockman, is an individual and a resident of Robertson County, Kentucky; at all times relevant, Mr. Brockman was an employee of Life Fitness, Inc. (d/b/a Hammer Strength), a division, subsidiary or affiliate of Brunswick Corporation, the Plan sponsor.

17. At all times relevant, Mr. Brockman worked as an employee of Life Fitness at its manufacturing facility located in Pendleton County, Kentucky, in this judicial district.

18. As an employee of Life Fitness, Inc., Mr. Brockman was a participant in the Brunswick Corporation group long-term disability insurance Plan, such Plan being administered and/or insured under Group Policy No. VDT-980072, a policy which Brunswick Corporation purchased from Defendant LINA.

19. The type of Plan was a welfare benefit Plan providing group long-term disability insurance coverage to employees of Brunswick Corporation and its affiliates.

20. Mr. Brockman meets the criteria under the Plan or Policy for continued payment of disability benefits beyond March 18, 2018 to present and continuing.

21. Defendant LINA, on information and belief, is a mutual life insurance company incorporated and/or headquartered in the state of Pennsylvania which, among other things, sells, issues and/or administers group long-term disability insurance policies; Defendant Life Insurance Company of North America, on information and belief, is an operating subsidiary of Cigna Corporation, with its group long-term disability insurance claims being administered and/or handled by Cigna Group Insurance ("Cigna").

22. Defendant Life Insurance Company of North America issued an insurance policy, Group Policy No. VDT-980072, which provides group long-term disability insurance benefits as a health

and welfare benefit Plan furnished by such Brunswick Corporation to its employees, including the employees of its affiliates.

23. The Brunswick Corporation long-term disability insurance Plan delegated to Defendant LINA, operating as Cigna Group Insurance, full authority to make benefit determinations under the Plan, including decisions with respect to eligibility for benefits; as such and as the payor of benefits under the Plan, Defendant LINA is a proper party defendant in this case.

24. Defendant LINA is actively doing business in the Northern Kentucky geographic area, and accordingly can be found in the Eastern District of Kentucky, Northern Division at Covington, such that both jurisdiction and venue in this Court are appropriate.

25. Defendant LINA has now definitively denied payment of further long-term disability insurance benefits to Mr. Brockman under the Plan or Policy beyond March 18, 2018.

26. The Brunswick Corporation long-term disability insurance Plan provided a specific benefit to employees of Brunswick Corporation and its affiliates; as such, the Plan is a proper party Defendant in this case.

27. Life Fitness, Inc., a division, subsidiary or affiliate of Brunswick Corporation, has a manufacturing plant in Pendleton County, Kentucky, such that both jurisdiction and venue in this Court are appropriate.

## V. STATEMENT OF CLAIMS

28. At all times relevant, Plaintiff was employed by Life Fitness, Inc., a covered affiliate of Brunswick Corporation, and a participating employer in the Plan.

29. As an employee of Life Fitness, Plaintiff was covered under the Brunswick Corporation group long-term disability insurance Plan referenced previously herein, the terms of which were set forth in the Policy of insurance also referenced previously herein, with Defendant Plan granting

Defendant LINA, operating as Cigna Group Insurance, the discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Plan.

30. On or about March 21, 2018 Mr. Brockman stopped working due to a medical disability and applied for and was granted long-term disability insurance benefits under the Plan, with such benefits thereafter being paid under the Policy through March 18, 2018 at which time Cigna, on behalf of Defendant LINA, advised him that no further benefits would be paid, leading to the administrative appeals referenced herein.

### VI.    COUNT I

31. Plaintiff hereby incorporates by reference paragraphs 1 through 30 as fully rewritten herein.

32. Defendants are liable to Plaintiff for payment of long-term disability insurance benefits under the Plan or Policy from March 19, 2018 to present and continuing.

33. The termination of benefits by Cigna, acting on behalf of Defendant LINA, and the consequent refusal to pay further benefits under the Plan or Policy to Plaintiff from March 19, 2018 to present and ongoing, was both arbitrary and capricious.

34. Defendant LINA, operating as Cigna Group Insurance, had a dual role as both the issuer of the group disability insurance Policy in question and as the administrator of the Plan; therefore, Defendant LINA had a dual role in terms of both evaluating Mr. Brockman's claim for eligibility and in terms of having to pay benefits to his, creating and/or thereby being subject to an inherent conflict of interest.

35. The administrative claims record, when reasonably considered as a whole, shows that Mr. Brockman has not been capable of performing the material duties of his own occupation on a sustained or meaningful basis.

36. Defendants have acted arbitrarily and capriciously in failing to fairly or properly evaluate Mr. Brockman's claim of ongoing disability under the Plan or Policy.

37. Defendants have improperly denied Plaintiff's claim for ongoing long-term disability insurance benefits under the Plan or Policy from March 19, 2018 forward, this in violation of the appropriate standards under ERISA and/or based upon a reasonable common law interpretation of the Plan or Policy, and/or have otherwise breached the terms of the Plan and/or Policy.

38. Due to the conduct of both Defendants, Plaintiff has suffered a past loss of benefits, is suffering a present loss of benefits and will suffer a future loss of benefits and will likely incur attorney fees and costs in seeking to enforce his rights under the Plan or Policy by way of this action.

## VII.   COUNT II

39. Plaintiff hereby incorporates by reference paragraphs 1 through 38 as fully rewritten herein.

40. Defendant Life Insurance Co. of North America's handling of Plaintiff's claim constituted unfair claims settlement practices within the meaning of and in violation of Kentucky Revised Statutes §304.12-230.

## VIII.   DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff Joey Brockman demands relief against Defendant Life Insurance Company of North America and against the Brunswick Corporation long-term disability insurance Plan, jointly and severally, as follows:

1. Payment of accrued and ongoing long-term disability insurance benefits payable under the Plan or Policy, including any applicable cost of living adjustments;

2. Payment of attorney fees and costs;

3. Payment of interest;

4.   Imposition and payment of any and all applicable statutory damages;

5.   Provision of all other legal and/or equitable relief to which Plaintiff may be deemed entitled.

                              Respectfully submitted,

/S/    James W. Morgan, Jr.
        Morgan Smith Porter PLLC
        421 Madison Avenue
        Covington, Kentucky 41011
        Telephone: (859) 491-9100
        Fax:            (859) 491-9178
        james.morgan@mspglaw.com